**Honorable Benjamin H. Settle**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a foreign insurance company; THE PHOENIX INSURANCE COMPANY, a foreign insurance company,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST PIPE COMPANY, a Washington corporation; and GREATER VANCOUVER WATER DISTRICT, a British Columbian statutory corporation,<br><br>Defendants. | No. 3:17-cv-05098-BHS<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO NORTHWEST PIPE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Noted on Motion Calendar:**<br>May 26, 2017<br><br>**Oral Argument Requested** |

Plaintiffs Travelers Property Casualty Company of America and The Phoenix Insurance Company (collectively, "Travelers"), respectfully submit the following Response in Opposition to Northwest Pipe Company's ("Northwest Pipe") Motion for Partial Summary Judgment on Duty to Defend.

## I.   INTRODUCTION

Northwest Pipe's motion seeks a ruling that it is entitled to something that it has already received – a defense of the claims asserted against it in the matter of *Greater Vancouver Water*

RESPONSE TO NORTHWEST PIPE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT
3:17-cv-05098 – 1
S:\FILES\Northwest Pipe 16122\Motions\Response to Partial SJ\170512 Response.docx

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

*District v. Northwest Pipe, et al.*[1] (the "Underlying Lawsuit"). Northwest Pipe's motion appears to be based on a fundamental misapprehension of how disputes involving liability insurance coverage claims are resolved in the State of Washington.

Northwest Pipe seems to contend that Travelers should be forced to defend it indefinitely regardless of whether there is any actual coverage available. This Court has specifically rejected this exact same argument.

> Adair Homes makes an argument that regardless of a determination of lack of coverage, Canal has a continuing obligation to defend Adair Homes in the underlying Pearson litigation.
>
> This argument is without merit. ***An insurer's duty to defend an insured ends when it is determined that a claim is not covered***. *See, i.e., American Best Food, Inc. v. ALEA London, Ltd.*, 168 Wn.2d 398, 405, 229 P.3d 693 (2010); *Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 561, 951 P.2d 1124 (1998). ***The procedure to follow when coverage is uncertain is to defend under reservation of rights and seek a declaratory judgment regarding the issue of coverage. Where the declaratory judgment action determines there is no coverage, as in this case, the insurer, Canal, may withdraw from the defense of the insured, Adair Homes***. *See, i.e., Farmers Ins. Group v. Johnson*, 43 Wn.App. 39, 44, 715 P.2d 144 (1986). It is only where the facts necessary to determine coverage are at issue, that the insurer must maintain a defense throughout the underlying litigation. Such is not the case here.

*Canal Indem. Co. v. Adair Homes, Inc.*, 737 F. Supp. 2d 1294, 1303, 2010 U.S. Dist. LEXIS 77688, *21-22 (W.D. Wash. 2010) (emphasis added).

Northwest Pipe's motion, as well as its briefing on its Motion to Stay, patently ignores the manner in which Washington Court's resolve questions regarding coverage for third-party liability insurance claims. Rather, Northwest Pipe proposes a new procedure in which insurers would be required to defend an underlying action to completion regardless of whether any

---

[1] Supreme Court of British Columbia, Vancouver Registry No. S156457

RESPONSE TO NORTHWEST PIPE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT
3:17-cv-05098 – 2
S:\FILES\Northwest Pipe 16122\Motions\Response to Partial SJ\170512 Response.docx

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

coverage is available. There is no legal precedent in the State of Washington supporting Northwest Pipe's position and Travelers asks that the Court decline Northwest Pipe's invitation to change Washington law.

As is set forth in Travelers' Motion for Summary Judgment (Dkt. at 17), and as further discussed below, when applying Washington law correctly to the facts of this case, there is simply no coverage available to Northwest Pipe for the claims asserted against it in the Underlying Lawsuit. Accordingly, Travelers' respectfully requests that this Court deny Northwest Pipe's Motion For Partial Summary Judgment and grant Travelers' Motion for Summary Judgment, ruling that there is no coverage available to Northwest Pipe.

## II.     STATEMENT OF FACTS

The complete facts and circumstances involved in this dispute are set forth in Traveler's Motion for Summary Judgment and supported by the Declaration of Dana Falstad. Dkt. at 17, 18. As such, in the interests of economy, the complete facts will not be fully restated herein. By way of summary, however, the Court is advised of the following facts that are pertinent to its consideration of the instant motion.

- On September 20, 2006, Northwest Pipe and the Greater Vancouver Water District (the "District") entered into a supply contract (the "Supply Contract") wherein Northwest Pipe was to manufacture and supply steel liner and grout plugs for development of the Seymour-Capilano Filtration Project (the "Project"). Dkt. at 18-11, 18-12.

- Per the Supply Contract, Northwest Pipe was to ensure that the steel liner and grout plugs conformed to the applicable design, were free from defects, and were fit for their intended purpose, among other warranties. Dkt. at 18-12.

RESPONSE TO NORTHWEST PIPE COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
3:17-cv-05098 – 3
S:\FILES\Northwest Pipe 16122\Motions\Response to Partial SJ\170512 Response.docx

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

- Installation of piping at the Project began on or about August 12, 2013. Dkt. at 18-12. During the installation of the grout plugs, there were multiple failures of the circumferential welds used to seal the grout plugs to the steel liner. Dkt. at 18-12. As a result, Hatch Mott, the designer of the grout plugs, redesigned the grout plugs and the method for sealing them. Dkt. at 18-12. The District alleges that this process resulted in a delay in the construction of the Project. Dkt. at 18-12.

- On August 7, 2015, the District commenced action in the Supreme Court of British Columbia against Northwest Pipe, among others (the "Underlying Lawsuit"). Dkt. at 18-12. Among its allegations in the Underlying Lawsuit, the District alleged that there were defects with the steel liner and grout plugs used in the Project. Dkt. at 18-12. The District does not allege any third-party property damage. Dkt. at 18-12.

- Specifically, as to Northwest Pipe, the District alleged it incurred added costs to install, remove, and replace the failed grout plugs, to investigate the cause of the grout plug failures, and to redesign the method for sealing the grout plugs, causing delays in constructing the Project. Dkt. at 18-12.

- The Underlying Lawsuit did not make any allegations that Northwest Pipe installed or designed the steel liner or grout plugs. Dkt. at 18-12. Instead, Northwest Pipe is solely a manufacturer and product supplier that supplied defective products to the District. Dkt. at 18-12.

## II.   LEGAL ANALYSIS

A. **Northwest Pipe Misstates Washington Law and Ignores Controlling Precedent Regarding the Manner in which Court's Address Third-Party Liability Claims.**

As discussed above, this Court has specifically summarized how Washington law works in regard to the assessment of coverage for third-party liability insurance claims. Northwest

RESPONSE TO NORTHWEST PIPE COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
3:17-cv-05098 – 4
S:\FILES\Northwest Pipe 16122\Motions\Response to Partial SJ\170512 Response.docx

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1  Pipe ignores this Court's analysis and instead takes the position that Travelers must be
2  compelled to defend in perpetuity if it can point to anything in the complaint that conceivably
3  could trigger coverage.  This position is not only contrary to Washington substantive law
4  regarding analysis of third-party liability insurance claims, but it is also directly contrary to
5  federal procedural law concerning the Court's consideration of Motions for Summary
6  Judgment.  As this Court has explained, "It is only where the facts necessary to determine
7  coverage are at issue, that the insurer must maintain a defense throughout the underlying
8  litigation. Such is not the case here."  *Canal Indem. Co. v. Adair Homes, Inc*., 737 F. Supp. 2d
9  1294, 1303, 2010 U.S. Dist. LEXIS 77688, *21-22 (W.D. Wash. 2010)

10  It is axiomatic that a party seeking summary judgment bears the initial burden of
11  proving the absence of a material issue of fact as to each of the elements for which it bears the
12  burden of proof.  FRCP 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.
13  Ed. 2d 265, 1986 U.S. LEXIS 118, 54 U.S.L.W. 4775, 4 Fed. R. Serv. 3d (Callaghan) 1024
14  (U.S. 1986).  This includes the presentation of actual evidence supporting the moving party's
15  position in the form of the, "pleadings, depositions, answers to interrogatories, and admissions
16  on file, together with affidavits, if any. . ." *Id.*

17  Northwest Pipe ignores this well-known rule and states that it need only ***argue*** that
18  there is a ***possibility*** of coverage in order to secure summary judgment and a ruling that
19  Travelers must defend it in the Underlying Lawsuit indefinitely.  This is not how courts address
20  summary judgment motions and it is not how Washington law addresses questions regarding
21  third-party liability coverage.

22  Once again, this Court specifically stated that the procedure to follow is for an insurer to
23  defend under a reservation of rights and seek a declaration that there is no coverage available

RESPONSE TO NORTHWEST PIPE COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
3:17-cv-05098 – 5
S:\FILES\Northwest Pipe 16122\Motions\Response to Partial SJ\170512 Response.docx

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

1  and that the insurer's duty to defend ends when there is a determination of no coverage by the
2  Court. *Canal Indem.*, 737 F. Supp. 2d at 1303, *citing American Best Food, Inc. v. ALEA*
3  *London, Ltd.*, 168 Wn.2d 398, 405, 229 P.3d 693 (2010); *Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d
4  558, 561, 951 P.2d 1124 (1998). Northwest Pipe ignores Washington law in this regard and
5  argues that the duty to defend is somehow permanent once an insurer agrees to defend. This is
6  the exact argument rejected by the Court in *Canal*.

7  In fact, in *Canal*, the insured sought reconsideration of this Court's rulings based on an
8  argument that the underlying complaint triggered a defense obligation that could not be
9  extinguished. *See, Canal Indem. Co. v. Adair Homes, Inc*., 737 F. Supp. 2d 1294, 2010 U.S.
10 Dist. LEXIS 87499, 2010 WL 3385337 (W.D. Wash. Aug. 25, 2010). This Court denied
11 reconsideration, holding that the insured, "cannot simply reiterate the allegations of the . . .
12 complaint to suggest the possibility of coverage." *Id.* at p. 3. This Court's rulings were upheld
13 on appeal in an unpublished[2] decision by the Ninth Circuit Court of Appeals, which denied a
14 motion by the insured to certify the duty to defend issue to the Washington Supreme Court.
15 *Canal Indem. Co. v. Adair Homes, Inc*., 445 Fed. Appx. 938, 2011 U.S. App. LEXIS 16060
16 (9th Cir. Wash. 2011).

17 The procedure outlined by this Court and supported by multiple Washington state court
18 appellate decisions is critical because as the Washington State Supreme Court held, this
19 procedure is the "means by which the insurer avoids breaching its duty to defend while seeking
20 to avoid waiver and estoppel." *Truck Ins. Exch. v. Van Port Homes*, 147 Wn.2d 751, 761, 58

---

[2] Although the Ninth Circuit decision is designated as "unpublished," it was issued after January 1, 2007. Thus, the citation to this case is authorized by USCS Fed Rules App Proc R 32.1(a). Although this decision is publicly accessible in several electronic databases, for the convenience of the Court, pursuant to USCS Fed Rules App Proc R 32.1(b), a true and correct copy of the Ninth Circuit's decision affirming this Court is attached as **Exhibit A** to the Declaration of Eric J. Neal.

RESPONSE TO NORTHWEST PIPE COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
3:17-cv-05098 – 6
S:\FILES\Northwest Pipe 16122\Motions\Response to Partial SJ\170512 Response.docx

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

P.3d 276 (2003). Moreover, not only is this procedure critical in establishing an insurer's good faith in regard to the duty to defend, but insurers must be allowed to seek judicial relief relating to all coverage because under Washington law, an insurer may not recoup from the insured any defense costs the insurer paid if it is later determined there is no coverage. *Nat'l Sur. Corp. v. Immunex Corp.*, 176 Wn.2d 872, 887, 297 P.3d 688 (2013).

In this case, Travelers agreed to defend Northwest Pipe under an express reservation of rights. Travelers subsequently filed this Declaratory Judgment Action. Presently, Northwest Pipe is receiving payment from Travelers to finance its defense despite the significant likelihood there is no coverage under the policy. Travelers will not be allowed to recoup these costs. Northwest Pipe's formulation of how coverage should be examined in this case is contrary to Washington law and should be rejected. Accordingly, Travelers seeks a determination from this Court that it no longer has a duty to defend where coverage does not exist.

**B.   There Is No Coverage Available for any Liability that Northwest Pipe may have for the Manufacture and Delivery of Defective Products.**

Under Washington law, the insured bears the initial burden of proof in establishing that the loss falls within the insuring agreement of the policy. Only if the insured meets this burden of proof in establishing that a claim falls within the insuring agreement of the policy, does the burden shift to the insurer to establish a controlling exclusion or limitation. *Overton v. Consol. Ins Co*, 145 Wn.2d 417, 424, 38 P.3d 322 (2002).

  1.   *Northwest Pipe Cannot Meet Its Initial Burden of Establishing the Trigger of Coverage in the Insuring Agreement*

The Insuring Agreement in the Travelers' Policy provides as follows:

  1.   **Insuring Agreement**

RESPONSE TO NORTHWEST PIPE COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
3:17-cv-05098 – 7
S:\FILES\Northwest Pipe 16122\Motions\Response to Partial SJ\170512 Response.docx

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

        a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. . . .

*See* Dkt. 18-1 at p. 19.

The Policies contain the following relevant definitions:

    **17.**    "Property damage" means:

        **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

        **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

Dkt. at 18-1, at p. 32, 33 (emphasis added).

Based on the foregoing, Northwest Pipe has the burden on summary judgment of presenting *evidence* sufficient for the Court to conclude that there is no genuine issue of fact as to the trigger of coverage in the insuring agreement. To trigger coverage, Northwest Pipe must prove that the claims against it involve claims for damages because of "property damage" caused by a covered "occurrence" as those terms are defined.

Northwest Pipe *argues* that there is evidence supporting the triggering of the insuring agreement, but its brief does not provide this Court with any *evidence* supporting those arguments. For instance, Northwest Pipe argues that there are allegations of "property damage" because the Underlying Lawsuit discusses damage to the product delivered by Northwest Pipe. Northwest Pipe argues that because the Policy does not state "whose 'property' must be damaged," these allegations are sufficient to trigger coverage.

RESPONSE TO NORTHWEST PIPE COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
3:17-cv-05098 – 8
S:\FILES\Northwest Pipe 16122\Motions\Response to Partial SJ\170512 Response.docx

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

However, Northwest Pipe fails to advise this Court of substantial caselaw establishing that general liability policies do not provide coverage for defective products or work, but instead only extend to provide coverage for damages arising from third-party "property damage". Specifically, Northwest Pipe must show that the damage is to a <u>third party's property</u>. *Overton v. Consol. Ins. Co.*, 145 Wn.2d 417 (Wash. 2002). In a third party liability context, an insured cannot establish coverage simply by showing damage to the insured's own property. *See Alcoa v. Aetna Cas. & Sur.*, 140 Wn.2d 517, 525, 998 P.2d 856 (2000). Instead, "[t]hird party insurance involves protection for the policyholder for liability it incurs <u>to someone else</u>[.]" *Id*. (emphasis added).

In this case, Northwest Pipe's characterization of the District's allegations and damages is misplaced. The Underlying Lawsuit does not involve third party "property damage". *See* Dkt. at 18-12, p. 8-9. Rather, the District only alleges against Northwest Pipe damages arising out of additional costs related to the investigation, installation, removal, and replacement of the failed grout plugs, and the resulting delay in construction. *See* Dkt. at 18-12, p. 10. Accordingly, Northwest Pipe fails to show Third-Party "property damage" arising from "physical injury" to tangible property.

Northwest Pipe's Motion for Partial Summary Judgment does not address Third-Party "property damage" arising from "loss of use" of tangible property. *See* Dkt. at 14. The issue of Third-Party "property damage" arising from "loss of use" is comprehensively briefed in Traveler's Motion for Summary Judgment. Dkt. at 17.

However, even if Northwest Pipe had addressed this issue, it would still be unable to meet its burden. Courts in the Ninth Circuit have interpreted the language of insuring agreements relating to "property damage" as it relates to the loss of use. These courts have

RESPONSE TO NORTHWEST PIPE COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
3:17-cv-05098 – 9
S:\FILES\Northwest Pipe 16122\Motions\Response to Partial SJ\170512 Response.docx

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

found that "loss of use of tangible property that is not physically injured," resulting in a mere delay does not constitute a loss of use. *See Phoenix Ins. Co. v. Ed Boland Constr. Co., Inc.*, 2017 U.S. Dist. LEXIS 6654 *8-9 (D. Mont. 2017); *see e.g.*, *Sony Computer Entertainment America, Inc. v. American Home Asur. Co.*, 532 F.3d 1007 (9th Cir. 2008). The property, for which loss of use has been alleged, "must be rendered useless for some period of time, as opposed to merely being unused." *Id*.

In this case, the District alleges damages resulting from delay in construction of the project. However, applicable law, and as in *Am. Homes Assurance* and *Harbor E. Office, LLC*, the construction delay as alleged in the Underlying Lawsuit does not constitute a "loss of use under the policy." Specifically, at the time the defective products were redesigned and reinstalled the Project had not been completed. As such, the Project was not made useless as it had not yet been put to use. It follows that the Project was unused at the time of the grout plug failures.

Accordingly, Northwest Pipe has not argued, and accordingly fails to meet its burden in showing Third-Party "property damage" triggering in coverage. The alleged damages arising from the delay and other purely economic harm do not constitute "property damage" as that term is defined.

### 2. To the Extent that Northwest Pipe Could Somehow Meet Its Initial Burden on the Insuring Agreement, Several Exclusions Apply to Preclude Coverage

Based on the foregoing, the Court ultimately need not reach the issue of potentially applicable exclusions because Northwest Pipe cannot meet its initial burden on the Insuring Agreement and on that basis alone, it is not entitled to Summary Judgment in its favor. Regardless, even if the Court were to consider the exclusions in the subject policy, there are several that would independently operate to preclude coverage.

RESPONSE TO NORTHWEST PIPE COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
3:17-cv-05098 – 10
S:\FILES\Northwest Pipe 16122\Motions\Response to Partial SJ\170512 Response.docx

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

a.     **The "Your Product" Exclusion Precludes Coverage**

The "Your Product" Exclusion precludes coverage for alleged "property damage" to "your product" which arises out of an insured's product. *See* Dkt. at 18-1. Again, "property damage" means physical injury to tangible property or loss of use of tangible property that is not physically injured. *See* Dkt. at 18-1. "Your product" is defined as goods or products, other than real property, manufactured, sold, handled, distributed, or disposed of by an insured and includes any warranties or representations regarding the fitness, quality, durability, performance or use of "your product." *Id*.

Northwest Pipe relies on *M&S Indus.*, *infra,* to show that the "your product" exclusion does not apply. The coverage issue in *M&S Indus.* focused on whether the deterioration of plywood panels supplied by M&S as part of a construction contract caused damage to the tangible property of anyone else. In M&S, the plywood panels supplied by M&S caused property damage to other components of the finished product. *M&S Indus*., 64 Wn. App. at 922. The court found that coverage existed for M&S because the defects in the plywood panels affected and caused property damage to the final product. *Id*. at 923. The holding in *M&S Indus*. does not apply here and is easily distinguished.

Again, the District has not alleged "property damage" arising from physical injury to tangible property. In fact, the District has not alleged "property damage" at all. *See* Dkt. at 18-12. Instead, the District only alleges damages arising out of additional costs related to the investigation, installation, removal, and replacement of the failed grout plugs, and the resulting delay in construction. Accordingly, the grout plugs were, tangible, removable, and replaceable objects. It is then clear that the installation of the grout plugs was far from a permanent fixture as alleged by Northwest Pipe.

RESPONSE TO NORTHWEST PIPE COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
3:17-cv-05098 – 11
S:\FILES\Northwest Pipe 16122\Motions\Response to Partial SJ\170512 Response.docx

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

Northwest Pipe's assertion the grout plugs are no longer Northwest Pipe's "product" because the grout plugs are components of the larger construction project because of their integration and/or installation with the tunnel is meritless. Further, Northwest Pipe's assertion that any damage to the grout plugs constitutes damage to the tangible property that is not Northwest Pipe's property is, likewise, meritless. Accordingly, Northwest Pipe's reliance on *Aetna Cas. & Sur. Co. v. M&S Indus.* is misplaced. 64 Wn. App. 916, 922-923, 827 P.2d 321 (1992).

Specifically, there is no dispute that the grout plugs were manufactured, distributed, and supplied by Northwest Pipe. It is also undisputed that the grout plugs unambiguously fall into the Policies' definition of "your product." Moreover, unlike the plywood panels in *M&S Indus.* which caused damage to other components, the entire basis for Northwest Pipe's alleged liability is that the grout plugs themselves were defective and failed conform to design specifications. The District alleges that there were multiple failures of the circumferential welds used to seal the grout plugs to the steel liner. Dkt. at 18-12. As a result, the grout plugs and the method for sealing them had to be redesigned. There are no allegations that the defective grout plugs caused damage to any other component of the Project. Rather, the allegation is that the redesign of the grout plugs and method for sealing them caused the project to be delayed. As such, any and all damage alleged by The District are economic damages arising exclusively out of the defective grout plugs manufactured and supplied by Northwest Pipe.

Accordingly, the "Your Product" Exclusion clearly applies and operates as a complete bar of coverage.

### b. The "Impaired Property" Exclusion Bars Coverage.

The "Impaired Property" Exclusion bars coverage for "impaired property" or "property

RESPONSE TO NORTHWEST PIPE COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
3:17-cv-05098 – 12
S:\FILES\Northwest Pipe 16122\Motions\Response to Partial SJ\170512 Response.docx

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

that has not been physically injured" because it incorporates defective work or because an insured has failed to fulfill the terms of a contract or agreement. Dkt. at 18-1.

> **8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
> 
>     **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
> 
>     **b.** You have failed to fulfill the terms of a contract or agreement;
> 
> if such property can be restored to use by:
> 
>     **a.** The repair, replacement, adjustment or removal of "your product" or "your work"; or
> 
>     **b.** Your fulfilling the terms of the contract or agreement.

Dkt. at 18-1.

The "Impaired Property" Exclusion applies to the present matter and bars coverage for all claims alleged against Northwest Pipe in the Underlying Lawsuit. Northwest Pipe's motion improperly analyzes and mischaracterizes the application and operation of this exception to the allegations in the Underlying Lawsuit.

First, contrary to Northwest Pipe's assertions, the District's claims against Northwest Pipe are based, in part, on its failure to perform under the Supply Contract to manufacture and supply the grout plugs in accordance with its terms. *See* Dkt. at 18-11. Northwest Pipe's failure to perform the contract in accordance with its terms caused the District its alleged damages.

Second, Northwest Pipe states that "it will be necessary to determine whether the damaged property is either 'your product' or 'your work,' both of which are excluded from the definition of 'impaired property.'" *See* Dkt. at 14. Such a determination is unnecessary. If it is found that the damaged property is a result of "your product" or "your work," then coverage is

RESPONSE TO NORTHWEST PIPE COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
3:17-cv-05098 – 13
S:\FILES\Northwest Pipe 16122\Motions\Response to Partial SJ\170512 Response.docx

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

necessarily excluded by the "Your Product" Exclusion or the "Your Work" Exclusion.

Third, Northwest Pipe states that it is "necessary to determine whether the District has proven that such property 'cannot be used, or is less useful.'" *See* Dkt. at 14. Such a determination is similarly unnecessary. The Underlying Lawsuit, on its face, establishes that the defective products could not be used. The defective grout plugs required redesign and reinstallation. Accordingly, the tunnel, was "restored to use" by the replacement of the defective grout plugs.

Once again, it is undisputed that the grout plugs were manufactured, distributed, and supplied by Northwest Pipe. Moreover, the District has clearly alleged that the grout plugs were defective. The removal, replacement, and reinstallation of the grout plugs forms the entire basis for the District's claims for damages. It is also undisputed that the defects to the grout plugs were not the result of sudden or accidental physical injury. In fact, the defects in Northwest Pipe's products claimed by the District were present *before* Northwest Pipe even supplied them to the District. Accordingly, the District's claims for damages, which arise out of Northwest Pipe's manufacture and supply of grout plugs are expressly bared from coverage by the above-stated exclusions.

### c.   The "Recall" Exclusion Precludes Coverage

Northwest Pipe's Motion for Summary Judgment fails to address the Recall exclusion in the Policy which operates to preclude coverage for damage for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of "your product," "your work," or "impaired property", as such terms are defined by the Policies. Dkt. at 18-1, Policy Form CG 00 01 10 01, p. 5; See discussion, Dkt. at 17, pp. 23-24.

RESPONSE TO NORTHWEST PIPE COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
3:17-cv-05098 – 14
S:\FILES\Northwest Pipe 16122\Motions\Response to Partial SJ\170512 Response.docx

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

Clearly, the Underlying Lawsuit includes claims by the District that Northwest Pipe's defective product had to be recalled from the marketplace for purposes of repair, replacement, and/or adjustment due to the fact that the product was not delivered in accordance with the terms of the operative Supply Contract.

Northwest Pipe's failure to address this exclusion alone is grounds for denial of its motion for summary judgment.

### III. CONCLUSION

For the foregoing reasons, Travelers requests that this Court deny Northwest Pipe's motion for partial summary judgment and find that Travelers does not owe a defense or indemnity obligation to Northwest Pipe.

DATED this 12th day of May, 2017.

LETHER & ASSOCIATES, PLLC

*/s/ Thomas Lether*
*/s/ Eric Neal*
Thomas Lether, WSBA No. 18089
Eric Neal, WSBA No. 31863
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
T:  (206) 467-5444 / F: (206) 467-5544
tlether@letherlaw.com
eneal@letherlaw.com
*Counsel for Travelers Property Casualty Company of America and The Phoenix Insurance Company*

RESPONSE TO NORTHWEST PIPE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT
3:17-cv-05098 – 15
S:\FILES\Northwest Pipe 16122\Motions\Response to Partial SJ\170512 Response.docx

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under the penalty of perjury under the laws of the State of Washington that on this date I caused to be served in the manner noted below a true and correct copy of the foregoing on the parties mentioned below as indicated:

Richard Dykstra
Friedman Rubin
51 University Street, Suite 201
Seattle, WA 98101
T: (206) 501-4446
rdykstra@friedmanrubin.com
*Counsel for Northwest Pipe Company*

Douglas Oles
Angelia Wesch
Oles Morrison Rinker Baker LLP
701 Pike Street, Suite 1700
Seattle, WA 98101
T: (206) 623-3427
oles@oles.com
wesch@oles.com
*Counsel for Greater Vancouver Water District*

**By:**     **[X] ECF**          **[ ] E-mail**          **[ ] Legal Messenger**

Dated this 12th day of May, 2017, at Seattle, Washington.

*/s/ Nicholas McMurray*
Nicholas McMurray | Paralegal

RESPONSE TO NORTHWEST PIPE COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
3:17-cv-05098 – 16
S:\FILES\Northwest Pipe 16122\Motions\Response to Partial SJ\170512 Response.docx

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544