1

The Hon. Benjamin H. Settle

2

3

4

5

6

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

8

9    TRAVELERS PROPERTY CASUALTY
     COMPANY OF AMERICA, a foreign insurance        No. 3:17-cv-05098-BHS
     company; THE PHOENIX INSURANCE
10   COMPANY, a foreign insurance company,          **TRAVELERS' RESPONSE IN**
                                                    **OPPOSITION TO NORTHWEST**
11                      Plaintiff,                  **PIPE'S MOTIONS IN LIMINE**
             v.
12
     NORTHWEST PIPE COMPANY, a Washington
13   corporation; and GREATER VANCOUVER
     WATER DISTRICT, a British Columbian statutory
14   corporation,

15                      Defendant

16   NORTHWEST PIPE COMPANY, a Washington
     corporation
17
                       Counterclaim Plaintiff,
18
             v.
19
     TRAVELERS PROPERTY CASUALTY
20   COMPANY OF AMERICA, a foreign insurance
     company; THE PHOENIX INSURANCE
21   COMPANY, a foreign insurance company,

22                     Counterclaim Defendant.

23

TRAVELERS RESPONSE IN OPPOSITION TO NORTHWEST
PIPE'S MOTIONS IN LIMINE – 1

1    Defendants Travelers Property Casualty Company of America and the Phoenix Insurance

2    Company, (hereinafter "Travelers"), response to Northwest Pipe's, (hereinafter "NWP"),

3    Motions in Limine.

A.  **NWPs Status and corporate background information is relevant and not**

**prejudicial.  NWP has also put this information at issue.**

6    NWP argues that its financial performance, as well as apparently

7    information regarding NWP corporate status is irrelevant under FRE 401.  NWP's

8    argument is not valid for three reasons.

9    First, this Court in the context of a Motion in Limine should not be issuing

10   a ruling on relevance until the Court has a full opportunity to see the evidence

11   presented by the parties in the case.  Such a prophylactic Motion in Limine

12   attempting to preclude relevant information in the absence of hearing testimony

13   and seeing actual evidence presented is inappropriate and prejudicial.  Unless

14   evidence is clearly inadmissible on all potential grounds, evidentiary rulings

15   should be deferred until trial so that questions of foundation, relevancy and

16   potential prejudice may be resolved in proper context.  *Turner v. Univ. of Wash.,*

17   2007 U.S. Dist. LEXUS 78149, *2 (W.D. Wash. Oct. 10, 2007) quoting

18   *Hawthorne Partners v. AT&T tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).*

19   Second, NWP has put this evidence at issue in the case.  NWA has argued

20   at length in the Motions for Summary Judgment currently pending before the

21   Court that it was harmed due to the result of a loss of use of money.  *See NWP's*

22   *Opposition to Travelers' Motion for Summary Judgment DKT 110.*

23

1    Travelers has repeatedly taken the position that there is no such harm due

2    to the fact that Travelers wholly paid not only the Ater Wynn fees but all interest

3    associated with those fees.  Regardless, to the extent NWP continues to make a

4    claim that its injury is a result of a loss of use of money, then NWP has put at

5    issue its financial condition, its corporate income, and information involving its

6    corporate structure.  Travelers is entitled to introduce this relevant evidence.

7    Moreover, this information is not  prejudicial given the fact that NWP has put this

8    information at issue.  Any potential prejudice can be addressed in the testimony

9    of  Northwest Pipe's own witnesses or by subsequent instruction from the Court.

10    Third, it is clear that NWP will attempt to argue to the jury that NWP is

11    an unsophisticated party and did not understand how to submit a claim.  In fact,

12    in NWP's own Reply in Opposition to Travelers Motion for Summary Judgment,

13    NWP expressly took the position that it did not understand how to present a claim

14    for the Ater Wynn fees as their sole justification for why the Ater Wynn fee claim

15    was never actually made to Travelers until NWP filed its amended Counterclaim.

16    *See Decl. of Borden, DKT 115 attached to NWP's Response to Travelers'*

17    *Summary Judgment Motion.*

18    As a result, NWP has also put at issue the fact that NWP is not a small,

19    inexperienced, or unsophisticated entity.  It is a large, publicly traded corporation

20    who has made insurance claim in the past and has also been sued in other matters.

21    Travelers is clearly entitled to explain to the jury that such a excuse is not

22    warranted given NWP's status.

23

1    Finally, the jury is entitled to have background information in regard to

2    NWP.  This background information regarding the parties at issue is certainlty

3    relevant.

4    In response to the case law relied upon by NWP, that case law has no

5    bearing on the issues presented in this claim.  Specifically, the case law involving

6    a party's financial wealth is not applicable when a party puts at issue such things

7    as claim for damages based on inability to pay or financial harm.  NWP presented

8    no case law which supports its contention that such evidence should be

9    automatically excluded in a case where those claims have been raised.

10   Once again, in a vacuum, without hearing the actual evidence that is

11   presented, the Court should not address the relevance or potential prejudice of any

12   evidence as the evidence is presented.

13   **B.  <u>Mr. Hight should be allowed to offer an opinion in regard to Mr. Smith's</u>**

14   **<u>opinions and the amount charged by him for such opinions</u>.**

15   As the court is aware, Mr. Hight submitted a Supplemental Declaration in

16   Reply to Travelers Motion for Summary Judgment stating why he believes Mr.

17   Smith's views were not reasonable and necessary.  *See DKT 122.*  As set forth in

18   Travelers Reply in Support of its Motion for Summary Judgment, NWP only

19   recently made a claim that Mr. Smith's fees were the basis of its damage claims.

20   *See Travelers' Reply in Support of its Summary judgment Motion.  DKT 120.*

21   This was done, obviously, due to the fact that the Ater Wynn fees and attempted

22   to pay the interest on those fees.  In short, the Dennis Smith fees are the only

23   alleged damages NWP has.

TRAVELERS RESPONSE IN OPPOSITION TO NORTHWEST
PIPE'S MOTIONS IN LIMINE – 4

1   NWP has put these fees at issue.  It is assumed that Mr. Smith will testify

2   that his fees are reasonable and necessary.  Obviously, Travelers is entitled to

3   counter that argument by presenting evidence from its own expert as to why those

4   fees are not reasonable and not necessary.  Travelers will present clear evidence

5   contradicting the claim and evidence presented by NWP.

6   Finally, Mr. Hight's testimony is appropriate expert testimony.  As a

7   result, it is proper evidence under FRE 702.  A jury is entitled to hear from an

8   expert in regard to the validity of another expert's fees and costs.  A lay jury would

9   not necessarily understand why certain expert fees were reasonable and necessary

10  given the certain expert issues testified to by Mr. Smith and contained in his

11  reports.  The jury is entitled to the assistance of an expert to explain why those

12  opinions are invalid and why fees the associated with those opinions are not

13  reasonable or necessary is proper expert testimony.

14  **C. <u>NWP's level of sophistication is relevant and not prejudicial</u>.**

15  NWP's argument on this issue is unclear.  Apparently, they are addressing

16  the concern that business insureds should have the same rights as non business

17  insureds.  That is not really an issue in this case.  However, NWP's knowledge of

18  the claims process and litigation is at issue.

19  NWP argues that the Court should again, in a vacuum, preclude any

20  evidence of NWP's level of knowledge and understanding in regard to this claim.

21  There are several reasons why this testimony is admissible.  First, as set forth

22  above, NWP has already put at issue the question of whether or not it understood

23  how to submit a claim and how the claims process works.  Travelers is clearly

1    entitled to controvert that argument.  Travelers is also entitled to present evidence

2    of the background and corporate status of NWP.

3        In addition, NWP has presented no case law or evidentiary rule to prohibit

4    such relevant evidence, particularly when NWP has put this evidence at issue.

5    **D.   <u>The fact that the Ater Wynn fees were paid is clearly admissible</u>**.

6        NWP's argument that the payment of the Ater Wynn fees should be kept from

7    the jury is clearly without merit.

8        NWP has argued Travelers breached the contract of insurance by not paying

9    the Ater Wynn fees.  Second, NWP argues that the failure to pay the Ater Wynn

10   fees is the primary basis of the bad faith and Consumer Protection Act claims.

11       Consequently, NWP has obviously put at issue the question of the payment of

12   the Ater Wynn fees.  Farmers is obviously entitled to rebut both the contractual

13   and the extra-contractual claims that NWP has made with the clear evidence that

14   Travelers issued payment for those fees.  For example, one of the elements

15   necessary to establish a breach of contract claim is harm.  How is NWP harmed

16   when Travelers paid legal billings?  This same analysis is applicable to the extra-

17   contractual claims.

18       In addition to the fact that there can be no bad faith harm because the payments

19   were made, the payment of the fees established Travelers' reasonable conduct.

20   Reasonableness is the critical issue involving the extra contractual claims.  The

21   fact that Travelers immediately asked for copies of the legal billings upon

22   notification that NWP was actually making claims for these fees establishes that

23   Travelers reasonable conduct.  The fact that Travelers paid these fees within

1   approximately fourteen (14) days of receipt of the billings again establishes

2   Travelers' reasonable conduct.

3       Obviously, NWP would like to keep from the jury the basic fact that Travelers

4   promptly paid for the Ater Wynn fees once a claim was actually made.  This

5   evidence is essential to the case and Travelers defenses to both the contractual and

6   bad faith claims.  It cannot be precluded in a Motion in Limine.

7       Once again, NWP has failed to address any case law or legal precedent which

8   would preclude such evidence in this case. NWP's reliance on FRE 408 is utterly

9   without merit.  Travelers' payments were in no way issued as a compromise or as

10  part of a mediation settlement.  In fact, the payments were made unconditionally.

11  *See Travelers' Motion for Summary Judgment, DKT 104.*  They were also not

12  made in the context of an ER 408 Settlement Offer or even an FRE 408 document.

13  *See Travelers' Motion for Summary Judgment, DKT 104.*  If NWP is actually

14  taking the position that ER 408 applies to this issue then NWP would have to be

15  precluded from even making a claim that the failure to pay the Ater Wynn fees

16  somehow constituted a breach of contract or bad faith.  NWP cannot have it both

17  ways.  They cannot allege Travelers breached the policy or acted in bad faith and

18  then rely on ER 408 to somehow argue that Travelers' response to the claim

19  should be kept from the jury.  Moreover, it is not a simple issue of obtaining an

20  offset at the end of the case.  The jury is entitled to hear specific evidence as to

21  Travelers' reasonable conduct as part of Travelers' defense to the claims

22  presented.

23

1    **E. Whether the Ater Wynn fees are owed has previously been addressed in**

2    **Travelers' Reply in Support of its Motion for Summary Judgment is a**

3    **primary issue in this case.**

4        Travelers paid the Ater Wynn fees.  At the time of the payment, Travelers

5    expressly stated in its correspondence that it had concerns in regard to whether or

6    not there was any coverage owed for these fees.  *See Travelers' Motion for*

7    *Summary Judgment, DKT 104.*

8        Travelers has addressed this issue in its opening Brief on its Motion for

9    Summary Judgment as well as its Response Brief.  There is a clear issue in this

10   case as to whether or not Travelers had any obligation for a second law firm,

11   particularly when that firm was corporate counsel and was not actually defending

12   the underlying Canadian action.  This argument is essential to Travelers' defense

13   that Travelers had no obligation to pay for the Ater Wynn fees.  Although

14   Travelers does not contest that the amount of the fees themselves are reasonable,

15   this does not mean that Travelers has agreed that they are actually owed in this

16   case.  In fact, this issue has been expressly set forth by Travelers. *See Travelers'*

17   *Reply in Support of its Motion for Summary Judgment.  DKT 120.*  Specifically,

18   it has addressed the issue of whether or not there was ever any obligation to ever

19   pay for these fees.  Again, this is an issue which the Court should not preclude

20   evidence of in a preliminary Motion in Limine without actually seeing the

21   evidence and hearing the testimony.  Travelers is clearly entitled to take a position

22   that it had no obligation ever to pay for these fees in response to both the breach

23   of contract claims presented as well as the actual contractual claims.  Travelers

1    payments also establish Travelers' reasonable conduct, which is a complete

2    defense as set forth above to the extra-contractual claims.

3                                    **<u>CONCLUSION</u>**

4         In conclusion, Travelers requests that this Court deny NWP's Motions in

5    Limine until the Court has an opportunity to hear the evidence and testimony

6    presented in this case.  After such evidence and testimony is offered, the Court

7    can address any evidentiary rulings.

8

9         DATED this 31st day of December, 2018.

10

11                              LETHER & ASSOCIATES, PLLC

12                              */s/ Thomas Lether*
                                */s/ Eric Neal*
13                              Thomas Lether, WSBA No. 18089
                                Eric Neal, WSBA No. 31863
14                              1848 Westlake Avenue N, Suite 100
                                Seattle, WA 98109
15                              T:  (206) 467-5444 / F: (206) 467-5544
                                tlether@letherlaw.com
16                              eneal@letherlaw.com
                                *Counsel for Travelers Property Casualty*
17                              *Company of America and The Phoenix*
                                *Insurance Company*

18

19

20

21

22

23

TRAVELERS RESPONSE IN OPPOSITION TO NORTHWEST
PIPE'S MOTIONS IN LIMINE – 9