The Hon. Benjamin H. Settle

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a foreign insurance company; THE PHOENIX INSURANCE COMPANY, a foreign insurance company,<br><br>                              Plaintiffs,<br><br>        v.<br><br>NORTHWEST PIPE COMPANY, a Washington corporation; and GREATER VANCOUVER WATER DISTRICT, a British Columbian statutory corporation,<br><br>                              Defendants. | No. 3:17-cv-05098-BHS<br><br>**NORTHWEST PIPE COMPANY'S TRIAL BRIEF** |
| NORTHWEST PIPE COMPANY, a Washington corporation,<br><br>                        Counterclaim Plaintiff,<br><br>        v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a foreign insurance company; THE PHOENIX INSURANCE COMPANY, a foreign insurance company,<br><br>                        Counterclaim Defendant. | |

NORTHWEST PIPE COMPANY'S TRIAL BRIEF
*Travelers v Northwest Pipe, et al.*, No. 3:17-cv-05098-BHS
Page 1 of 6

Depending upon the Court's ruling on pending motions for summary judgment, Northwest Pipe Company ("NPC") believes that the issues for trial will be quite straightforward. First, the jury will decide whether Travelers unreasonably denied coverage for the Ater Wynne fees by failing to conduct a reasonable investigation before its October 26, 2016 denial, or in unreasonably delaying a decision on NPC's tender of defense while it knew that NPC had two law firms working on the defense.

If the jury finds that either or both were unreasonable, then the *Butler* presumption of harm will be triggered, and the jury will decide whether Travelers has proven that NPC sustained no harm.  In addition, the jury would decide NPC's claim of damages, both for the Ater Wynne defense fees and costs it incurred, and for the loss of use of its money, and the costs of hiring an expert to advise whether Travelers had acted unreasonably in handling NPC's claim.

**Travelers October 26, 2016 denial of AW fees was an anticipatory breach of its contract, relieving NPC of any further obligation to tender AW invoices, or provide Travelers with any specific request for payment of AW invoices.**

Based upon Travelers' list of proposed exhibits, it appears that, if the Court over rules NPC's objections, Travelers intends to present evidence and argument that during the course of litigation it made efforts to minimize the damages that NPC claimed.  NPC contends that because Travelers denied coverage in its October 26, 2016 letter for Ater Wynne services that any evidence of post denial conduct is not relevant and should not be admitted at trial.  If such evidence is admitted, NPC will be required to introduce evidence dealing with the details of nearly two years of litigation, likely requiring testimony from its lawyers who are handling this trial.  NPC contends that there is no factual issue that Travelers denied coverage for the AW fees on October 26, 2016, and that any evidence of Travelers (and NPC's) conduct after that date would only serve to confuse the jury.

Travelers is unwilling to admit that its October 26, 2016 letter contained the following sentence: "Travelers is not agreeing to pay for the services of Mr. Sandmire."  Nor can Travelers provide any factual or legal reason that this statement was not an express denial of any obligation

NORTHWEST PIPE COMPANY'S TRIAL BRIEF
*Travelers v Northwest Pipe, et al.*, No. 3:17-cv-05098-BHS
Page 2 of 6

**FRIEDMAN | RUBIN® PLLP**
51 UNIVERSITY STREET, SUITE 201
SEATTLE, WA  98101-3614
(206) 501-4446

1    to pay for Ater Wynne services rendered between the date of tender and the date of the

2    reservation of rights letter: The reason Travelers completely ignores this statement is

3    understandable. If Travelers is held to have denied coverage on October 26, 2016, then its denial

4    must have been based upon a reasonable investigation conducted *before* that denial. *Travelers*

5    *Ca. and Sur. Co of Am. v. Spectrum Glass Co.*, No. C11-1324-JCC, 2012 WL 3780356 at *3

6    (W.D. Wash. Aug 31, 2012). Further, if Travelers denied coverage on that date, its denial is an

7    anticipatory repudiation of the contract, thereby relieving NPC of any further obligations, such as

8    presenting further information to support its claims, or articulating the factual and legal basis for

9    its right to be reimbursed for pre-RoR defense costs. *Rushforth Const. Co. v. Wesco Ins. Co.,* No.

10   C-17-1063-JCC, 2018 WL 1610222, at *3, W.D. Wash. 2018).

11          If the Court rules that the October 26th letter was a denial of coverage for any Ater

12   Wynne services, then the issues for trial will be very straight forward. The jury will decide

13   whether Travelers conducted a "full and fair" investigation into what services were provided by

14   Ater Wynne, and the evidence will be based upon information contained in the Travelers claim

15   file and the reasons given for the denial. But since an insurer is limited to showing that its

16   reasonable investigation was based only upon information obtained during its investigation, *see*

17   *Spectrum Glass*, 2012 WL 3780356 at *3, there would be no need for the jury to consider

18   evidence of information learned by Travelers after its denial. Such information would be

19   irrelevant and inadmissible. Further, the jury would have no need to consider evidence and

20   instructions on the doctrine of anticipatory repudiation, or on issues such as whether NPC should

21   have raised an objection to the Reservation of Rights letter, whether Travelers had properly

22   disclosed to NPC the potential policy benefit of reimbursement of pre-RoR defense costs,

23   whether NPC's original counterclaim alleged a claim for reimbursement of the Ater Wynne fees

24   even though it did not mention the firm's name, or whether Travelers answer to the counterclaim

25   was a sufficient denial of coverage for any pre-RoR defense costs – none of these issues is

26   necessary for the jury to consider if Travelers is held to defend its denial on the basis of what it

27   knew when t denied coverage.

28

NORTHWEST PIPE COMPANY'S TRIAL BRIEF
*Travelers v Northwest Pipe, et al.*, No. 3:17-cv-05098-BHS
Page 3 of 6

**FRIEDMAN | RUBIN® PLLP**
51 UNIVERSITY STREET, SUITE 201
SEATTLE, WA 98101-3614
(206) 501-4446

1    Limiting the case to evidence of what occurred up until the time Travelers denied

2    coverage also will eliminate the need for the jury to consider many issues of post-litigation

3    activity. For example, if Travelers is held to its October 26th denial, there is no need for the jury

4    to hear evidence about NPC's motion to amend its counter-claim to add the bad faith and CPA

5    claims, nor whether NPC waived its claim when it did not argue bad faith estoppel as a defense

6    to Travelers summary judgment motion. Similarly there would be no reason for the jury to hear

7    evidence on why NPC insisted on entry of a protective order protecting all defense counsel work

8    product (including its counsel's billings) from disclosure to GVWD before until the entry of the

9    Stipulated Protective Order. None of this evidence is relevant or material to whether Travelers

10   October 26th denial was unreasonable and in bad faith.

11   In the same vein, Travelers seeks to introduce evidence of its January 2018 offer to pay

12   the Ater Wynne invoices, without any waiver of NPC extra contractual claims. Ruling that post

13   denial evidence is not relevant on the issue of Travelers' reasonableness in denying coverage for

14   Ater Wynne fees would avoid any need for NPC's counsel to have to testify as to the reasons that

15   the Travelers' tender of a check was accepted, and why that did not constitute a waiver of NPC's

16   right to pursue its remaining claim for bad faith, violation of the CPA, or for any further harm

17   such as the loss of use of its funds or the expert witness fees it incurred to investigate Travelers'

18   claim handling.

19   Nor would the jury need to consider evidence concerning Travelers' subsequent

20   propounding of interrogatories in March 1, 2018 discovery requests to NPC, the letters and

21   discovery conferences between counsel that led to agreement that NPC did not need to respond

22   until after Travelers provided a full copy of its claim file—an issue that eventually lead to NPC

23   compelling production of certain withheld portions of the Travelers' claim file.  Such litigation

24   activities would likely only serve to confuse the jury and require testimony from NPC's counsel

25   to explain to the jury the reasons for the various actions. None of this evidence is necessary or

26   relevant if Travelers is held to its October 26, 2016 denial, and the jury only decides whether that

27   denial was reasonable, based upon what was known at the time.

28

NORTHWEST PIPE COMPANY'S TRIAL BRIEF
*Travelers v Northwest Pipe, et al.*, No. 3:17-cv-05098-BHS
Page 4 of 6

**FRIEDMAN | RUBIN® PLLP**
51 UNIVERSITY STREET, SUITE 201
SEATTLE, WA  98101-3614
(206) 501-4446

To date the parties have been far apart on efforts to reach agreement on many stipulated facts, and the admissibility of certain exhibits, though there is agreement on the authenticity of most proposed exhibits. However, given the narrow issues in this case, NPC is confident that once the Court has ruled on the pending motions, the evidentiary issues can be sorted out, especially if the Court indicates whether the jury can consider evidence of the post October 26th denial conduct. In that event, NPC predicts that the trial will run smoothly, and likely conclude within 3 trial days.

DATED:  January 2, 2019

By:  s/ Kenneth R. Friedman
     Kenneth R. Friedman, WSBA No. 17148
FRIEDMAN | RUBIN, PLLP
1126 Highland Avenue
Bremerton, WA 98337
Tel: (360) 782-4300
Fax: (360) 782-4358
Email:  kfriedman@friedmanrubin.com

By:  s/ A. Richard Dykstra
     Richard Dykstra, WSBA No. 5114
By:  s/ Alexander E. Ackel
     Alexander E. Ackel, WSBA No. 52073
FRIEDMAN | RUBIN, PLLP
51 University Street, Suite 201
Seattle, WA 98101
Telephone:  206-501-4446
Facsimile:  206-623-0794
Email: rdykstra@friedmanrubin.com
Email:  aackel@friedmanrubin.com

*Of Attorneys for Counterclaim Plaintiff / Defendant Northwest Pipe Company*

NORTHWEST PIPE COMPANY'S TRIAL BRIEF
*Travelers v Northwest Pipe, et al.*, No. 3:17-cv-05098-BHS
Page 5 of 6

FRIEDMAN | RUBIN® PLLP
51 UNIVERSITY STREET, SUITE 201
SEATTLE, WA  98101-3614
(206) 501-4446

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.


         _s/ Richard Dykstra_____

**FRIEDMAN | RUBIN® PLLP**
51 UNIVERSITY STREET, SUITE 201
SEATTLE, WA 98101-3614
(206) 501-4446